IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARLENE A. SMITH-SCOTT, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. RDB-15-3423 |
| | | Bankruptcy No. 14-25022 |
| HOWARD BANK, | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Debtor Arlene A. Smith-Scott brings this appeal from two orders of United States Bankruptcy Judge James F. Schneider: (1) the Order Approving Trustee's Motion for Sale of 10 Stanley Drive, Catonsville, Free and Clear of Liens and Encumbrances ("Order Approving Trustee's Motion for Sale") (ECF No. 1-1, B.R. Doc. 273); and (2) the Order Denying the Debtor's Motion to Alter or Amend Order Converting Chapter 11 Case to Chapter 7 ("Order Denying Motion to Alter or Amend") (ECF No. 1-2, B.R. Doc. 274). Both Orders were entered on November 6, 2015. *Id.*

Currently pending before this Court are: (1) Appellee George W. Liebmann, Chapter 7 Trustee's Motion to Strike Notice of Appeal Insofar as It Relates to Order Denying Amended Motion to Alter or Amend Order Converting Case to Chapter 7 ("Motion to Strike") (ECF No. 2); Appellee George W. Liebmann, Chapter 7 Trustee's Motion to Dismiss Appeal ("Motion to Dismiss") (ECF No. 3); Appellant Arlene A. Smith-Scott's Opposition to the Motion to Dismiss Appeal ("Opposition") (ECF No. 5); Appellant's

1

Motion for Stay Pending Appeal ("Motion to Stay") (ECF No. 11); and Appellee's Second Motion to Dismiss Appeal ("Second Motion to Dismiss") (ECF No. 13).

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), as Smith-Scott's appeal arises from final orders entered by the United States Bankruptcy Court for the District of Maryland and is brought pursuant to Local Rule 404(1)(a) (D. Md. 2014). Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8019(b)(3); *see also* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Appellee's Motion to Dismiss (ECF No. 3) is GRANTED, all other pending motions (ECF Nos. 2, 11, and 13) are MOOT, and the Orders of Bankruptcy Judge James F. Schneider (ECF No. 1-1, B.R. Doc. 273; ECF No. 1-2, B.R. Doc. 274) are AFFIRMED.[1]

**BACKGROUND**

I.  Appeal of Order Approving Trustee's Motion for Sale

On October 1, 2015, Appellee filed a Motion for Sale of 10 Stanley Drive, Catonsville Free and Clear of Liens and Encumbrances.[2] (B.R. Doc. 257.) The Motion for Sale was fully briefed, and on November 6, 2015, Judge Schneider issued the Order Approving Trustee's Motion for Sale. (B.R. Doc. 273.) The Order stated that buyers were already under contract to purchase the property, and that they are a "good faith purchaser" within

---

[1] It should be noted that Appellant failed to file a brief in support of her Appeal within 30 days of the transmission of the record to this Court (December 8, 2015) in violation of Fed. R. Bankr. P. 8018(a)(1). (*See* ECF Nos. 7, 8, 9, and 10.) Although this fact alone constitutes sufficient grounds to dismiss the Appeal, it shall be dismissed on substantive grounds as explained herein.

[2] The Stanley Drive property was among the real property listed as part of Appellant's bankruptcy estate. (B.R. Doc. 63 at 12.)

the meaning of 11 U.S.C. § 363(m).  (ECF No. 1-1, B.R. Doc. 273 at ¶ A, ¶ E.)  The sale of the property was completed on November 24, 2015.  (ECF No. 13-4, B.R. Doc. 313.)  Appellant now challenges the Order Approving Trustee's Motion for Sale.

II.     Appeal of Order Denying Motion to Alter or Amend

The background of the second basis for this Appeal is set forth in this Court's Memorandum Opinion dated October 8, 2015 ("Memorandum Opinion").  *Smith-Scott v. Patapsco Bank*, Civ. No. RDB-15-1013 (ECF No. 10), B.R. No. 14-25022, 2015 WL 5921028 (D. Md. Oct. 8, 2015).  In the Memorandum Opinion and accompanying Order, this Court affirmed the Amended Order Converting Appellant's Case from Chapter 11 to Chapter 7 ("Conversion Order") (B.R. Doc. 141).[3]  On October 8, 2015, the same day that the Memorandum Opinion and Order were issued, however, Appellant filed in the Bankruptcy Court a Motion to Alter or Amend the Conversion Order.  (B.R. Doc. 260.)  With this Court having already affirmed the Bankruptcy Court's Conversion Order, Judge Schneider denied Appellant's Motion to Alter or Amend.  (B.R. Doc. 274.)  It is this Order Denying Appellant's Motion to Alter or Amend the Conversion Order that Appellant now challenges.

## **STANDARD OF REVIEW**

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure.  On appeal from the United States Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo.  In re Merry–Go–Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir.

---

[3] Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101 et seq., provides an individual or corporate debtor the opportunity to reorganize and pay off creditors over time. The relief provided under Chapter 7, 11 U.S.C. §§ 701 et seq., is liquidation. In a Chapter 7 bankruptcy case, the bankruptcy trustee liquidates the debtor's assets, which involves selling the debtor's nonexempt property and distributing the proceeds from that sale to the creditors.

3

2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001). A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "Under the clearly erroneous standard, if the bankruptcy court's factual findings are plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if it would have weighed the evidence differently." *In re Frushour*, 433 F.3d 393, 406 (4th Cir. 2005) (citing *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004)).

A distinct standard of review applies to Appellant's challenge to the Order Denying Appellant's Motion to Alter or Amend the Conversion Order. "An abuse of discretion standard applies to a bankruptcy court's orders denying either a Rule 60(b) motion, *Nat'l Org. for Women v. Operation Rescue,* 47 F.3d 667, 669 (4th Cir. 1995), or a Rule 59(e) motion, *see EEOC v. Lockheed Martin Corp.,* 116 F.3d 110, 112 (4th Cir. 1997)." *In re Xiaolan Zhang*, Civ. No. DKC 12-1287, 2012 WL 5200072, at *2 (D. Md. Oct. 19, 2012) (citations in original).

"The brief of the appellant shall contain . . . [a]n argument . . . with citations to the authorities, statutes and parts of the record relied on." *In re Rood*, 482 B.R. 132, 143 (D. Md. 2012) (citing Fed. R. Bankr. P. 8010(a)(1)(E)). "It is not for this court to scour the record in search of potential bases for his arguments." *Id.* The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings. *See Fed. R. Bankr. P.* 8013; s*ee also In re White*, 128 F. App'x. 994, 999 (4th Cir. 2005); *Suntrust Bank v. Johnson*, 2006 U.S. Dist. LEXIS 87622, at *6, 2006 WL 3498411 (D. Md. Dec.4, 2006).

4

## ANALYSIS

I.  <u>Order Approving Trustee's Motion for Sale</u>

Appellee argues that Appellant does not have standing to challenge the Order Approving Trustee's Motion for Sale, and, moreover, that the Appeal is moot. (ECF No. 3 at ¶ 7.) Appellant offers no specific argument in opposition, but presents a merely hypothetical assertion that there may be a defect in the chain of title to the Stanley Drive property. (ECF No. 5 at ¶ 5.III.)

The United States Court of Appeals for the Fourth Circuit has long held that that a debtor who lacks a pecuniary interest in the property to be sold has no standing to bring an appeal. *Willemain v. Kivitz*, 764 F. 2d 1019, 1022-23 (4th Cir. 1985). Moreover, in reviewing a bankruptcy sale which has been consummated, this Court is limited to determining whether the sale was made to a "good faith purchaser" under § 363(m) of the Bankruptcy Code. *Ready v. Rice*, Civ. No. BEL-05-3358, 2006 WL 4550188, at *2 (D. Md. Sept. 26, 2006). The Fourth Circuit has defined a "good faith purchaser" as "one who purchases the assets for value, in good faith, and without notice of adverse claims." *Willemain*, 764 F. 2d at 1023. "If the Court finds that the property was sold to a good faith purchaser, then the Court goes no further than dismissing the appeal as moot." *Ready*, 2006 WL 4550188, at *2 (citing *Willemain*, 764 F. 2d at 1023).

Here, it is evident that Appellant is insolvent and has no pecuniary interest in the Stanley Drive property. (ECF No. 13-5 at 10, B.R. Doc. 64 at 10.) As Appellant has "failed to demonstrate that an alternative sale of the [property] would return solvency to [the] estate," or that an alternative sale might provide her with a surplus, she lacks standing to

5

bring this Appeal. *Willemain*, 764 F.2d at 1023. This fact alone warrants a dismissal of the Appeal.

Moreover, the Stanley Drive property was sold on November 24, 2015 in accordance with Judge Schneider's Order. (ECF No. 13-4, B.R. Doc. 313.) The buyers, as stated in the Order, are a "good faith purchaser" under 11 U.S.C. § 363(m). (ECF No. 1-1 at ¶ E, B.R. Doc. 273 at ¶ E.) Appellant does not challenge whether the buyers were a good faith purchaser. Nor is there reason to do so: the stipulation in the Order that the buyers are good faith purchasers, coupled with the fact that the order was "free and clear of liens and encumbrances" (ECF No. 1-1) and the fact that the buyers purchased the property for value ($655,000.00) (ECF No. 13-4, B.R. Doc. 313) make it clear that the buyers were indeed good faith purchasers. Accordingly, the pending appeal is moot and must be dismissed.[4] *Ready*, 2006 WL 4550188, at *2

II.  <u>Order Denying Motion to Alter or Amend</u>

Appellee argues that Appellant's challenge to the Judge Schneider's Order Denying Debtor's Motion to Alter or Amend the Conversion Order is barred as *res judicata*. (ECF No. 3 ¶¶ 2-6.) Appellant asserts, however, that principles of *res judicata* do not apply because the Motion to Alter or Amend relied upon new evidence—the Affidavit of Paula Rush— which, under *Levy v. Kindred*, 854 F. 2d 682, 685 (4th Cir. 1988), this Court declined to

---

[4] It bears mention that Appellant's Motion for Stay Pending Appeal was not filed until January 19, 2016, nearly two months after the sale was consummated. (ECF No. 11.) The Motion for Stay is thus immaterial to the validity of the sale. "Where a sale of a bankrupt's assets has not been stayed, an appeal challenging the sale's validity is moot because 'the court has no remedy that it can fashion even if it would have determined the issues differently.'" *In re Minh Vu Hoang*, Civ. No. DKC 13-2637, 2014 WL 1125371, at *2 (D. Md. Mar. 19, 2014) (quoting *In re Rare Earth Minerals*, 445 F.3d 359, 363 (4th Cir.2006)).

6

consider on the first appeal, but which, Appellant argues, the Court may now properly consider. (ECF No. 5 at ¶¶ 6-8.)

This Court need not determine whether the prior ruling (the Memorandum Opinion) makes the pending appeal *res judicata*. This appeal may be resolved by a determination of whether Judge Schneider abused his discretion in denying Appellant's Motion to Alter or Amend the Conversion Order. *Baltrotsky*, 2004 WL 2937537 at *10. As stated in the Memorandum Opinion, Judge Schneider made ample findings in support of his decision to grant the Conversion Order:

> "[E]ven if this Court did consider the findings of Paula Rush, they would not be grounds for reversing Judge Schneider's order.
> Appellant seems to offer the affidavit of Paula Rush in order to rebut Judge Schneider's finding that 'this case has no chance of being reorganized' because 'the debtor is at odds with everyone.' If U.S. Bank was removed from the proceedings, Appellant reasons, there would be a greater likelihood of reorganization. **However, the Appellant's apparent inability to broker agreement around a reorganization plan was only one of Judge Schneider's many reasons for converting her case.** Additionally, he lacked confidence in her ability to 'manage the properties or to keep the funds separate or to make the reports that she's required to make to the Court, in an accurate and complete way.' He specifically cited her 'failure to disclose any income from her law firm or to disclose whether in fact the law firm ha[d] been expending time and money in representing [her],' her 'clear comingling of accounts between debtor in possession accounts and accounts of others, including the law firm,' her failure 'to file timely and accurate reports,' her 'lack of knowledge of the Bankruptcy Code,' her 'questionable answers' to the court's questions, her 'contradictory and confused statement of the past events,'' and her 'violation of a court order and the terms of its use of cash collateral.'"

Memorandum Opinion at 9-10 (emphasis added) (footnotes omitted). Even if this Court were to accept as true Appellant's new factual assertions, there still remains substantial evidence supporting the issuance of the Conversion Order and Judge Schneider's decision to uphold it. Thus, Appellant is unable show that Judge Schneider abused his discretion by

7

denying Appellant's Motion to Alter or Amend the Conversion Order. Accordingly, Appellant's argument fails and Judge Schneider's Order Denying the Motion to Alter or Amend will be affirmed.

## CONCLUSION

For the reasons set forth above, Appellee George W. Liebmann, Chapter 7 Trustee's Motion to Dismiss Appeal (ECF No. 3) is GRANTED; Bankruptcy Judge James F. Schneider's Order Granting Chapter 7 Trustee's Motion for Sale of 10 Stanley Drive, Catonsville, Free and Clear of Liens and Encumbrances (B.R. Doc. 273) is AFFIRMED; and Judge Schneider's Order Denying the Debtor's Motion to Alter or Amend Order Converting Chapter 11 Case to Chapter 7 (B.R. Doc. 274) is also AFFIRMED.

Appellant's Motion For Stay Pending Appeal (ECF No. 11) is MOOT. Appellee's Motion to Strike (ECF No. 2) and Appellee's Second Motion to Dismiss Appeal (ECF No. 13) are MOOT.

A separate Order follows.

Dated:     March 18, 2016

                                                     /s/
                                         Richard D. Bennett
                                         United States District Judge