

**JAMES F. SCHNEIDER**
**U.S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# at Baltimore

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| ARLENE A. SMITH-SCOTT, | * | Case No. 14-25022-JS |
| | * | |
| Debtor | * | Chapter 7 |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### *MEMORANDUM OPINION DENYING MOTION TO RECUSE*

Before the Court is the debtor's motion to have the judge recuse himself [P. 329]. For the reasons stated, the motion will be denied.

### *FINDINGS OF FACT*

1. On January 5, 2016, Arlene Smith-Scott ("the debtor") filed the instant motion to recuse. On May 16, 2016, the motion came on for hearing.

2. The debtor alleged that this Court is impermissibly biased against her because of her conduct in this case, including her filing of various appeals and because she is both the debtor and her own attorney. She claimed that adverse rulings in her case evidence this Court's bias.

*CONCLUSIONS OF LAW*[1]

1. The debtor's allegations of bias are nothing more than "unsupported, irrational, or highly tenuous speculation." *U.S. v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)(citations omitted). It is error to conclude that a court is biased merely because its decisions do not comport with the debtor's expectations, interests or opinions. Her dissatisfaction with the results obtained in the instant case does not entitle her to a change of judge.

2. The debtor brought the motion pursuant to 28 U.S.C. § 2601, the Maryland Code of Judicial Conduct and 28 U.S.C. § 455. The instant decision is governed by the latter statute.[2] The Maryland Code of Judicial Conduct is applicable only to Maryland State courts and Section 2601 applies only to Federal appellate courts.

3. Personal bias prohibited by § 455(b)(1) must come from an extrajudicial source. *Liteky v. U.S.*, 510 U.S. 540 (1994). *See also Cheney v. U.S. District Court*, 541 U.S. 913 (2004) (discussing grounds for recusal). In the instant case, the debtor has made no such allegation.

---

[1] This Court has subject matter jurisdiction to consider the debtor's motion to recuse, which is a core proceeding. 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1334.

[2] Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) provides that a judge shall disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id*.

2

4. With respect to § 455(a), "what matters is not the reality of bias or prejudice but its appearance. . . . Recusal was required whenever 'impartiality might reasonably be questioned.'" *Liteky*, 510 U.S. at 548. However, "'[i]mpartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions.'" *Id*. at 551 (quoting *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943)).

5. Particularly relevant in the instant case is the holding of *Liteky* that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." *Id*. at 555 (citations omitted). See also *Aiken County v. BSP Div. of Envirotech Corp.*, 866 F.2d 661, fn 21 (4th Cir. 1989) (citing *In re Federal Skywalk Cases*, 680 F.2d 1175, 1184 (8th Cir. 1982) ("recusal under § 455(a) 'must be evaluated in light of the full record, not simply in light of an isolated incident.'")).

6. The Fourth Circuit has explained that § 455(a) "does not require a judge to recuse himself because of 'unsupported, irrational, or highly tenuous speculation.'" *DeTemple*, 162 F.3d at 287 (citations omitted).

WHEREFORE, the debtor's motion to recuse will be DENIED.

*ORDER ACCORDINGLY.*


cc:  Arlene Smith-Scott, Esquire
367 Main Street
Laurel, Maryland  20707

George W. Liebmann, Esquire
Liebmann & Shively, P.A.
8 West Hamilton Street
Baltimore, Maryland  21201

U.S. Trustee – Baltimore
United States Courthouse, Suite 2625
101 West Lombard Street
Baltimore, Maryland  21201