

**JAMES F. SCHNEIDER**
**U.S. BANKRUPTCY JUDGE**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

| | | |
|---|---|---|
| In re: | * | Case No. 14-25022-JS |
| ARLENE SMITH-SCOTT, | * | Chapter 7 |
| Debtor | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## *MEMORANDUM OPINION DENYING*
## *MOTION TO REMOVE CHAPTER 7 TRUSTEE*

Before the Court is the debtor's motion to remove Chapter 7 Trustee [P. 363]. For the reasons stated, the motion will be denied.

## *FINDINGS OF FACT*

1. On September 28, 2014, the debtor, Arlene Smith-Scott filed the instant bankruptcy case as a proceeding under Chapter 11. Upon the motion to dismiss or convert the debtor's case [P. 95] filed by creditor, Patapsco Bank, this Court converted the debtor's case to Chapter 7 by order [P. 141] dated April 8, 2015. The conversion of debtor's case to Chapter 7 was affirmed by the Court of Appeals for the Fourth Circuit by memorandum opinion dated August 8, 2016 [P. 419]. *Arlene A. Smith-Scott v. Howard Bank, et.al.*, No. 16-1325, slip op. at 2 (4th Cir.

Aug. 8, 2016). George W. Liebmann was appointed Chapter 7 Trustee by the Office of the United States Trustee.

2. On September 2, 2015, the Chapter 7 Trustee filed a motion to compel the debtor's attendance at a rescheduled meeting of creditors [P. 235] because of her refusal to attend a meeting of creditors on May 26, 2015. On September 28, 2015, the Court granted the motion by order [P. 253].

3. Since that date and down to the present, the debtor has opposed every action by the Chapter 7 Trustee to administer this case. A review of the docket provides a clear picture of the actions taken by the debtor in this case. The instant motion to remove the Trustee is without merit.

## *CONCLUSIONS OF LAW*

1. The bankruptcy court has subject matter jurisdiction to consider the debtor's motion to remove the Trustee, which is a core proceeding. 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1334.

2. The motion was brought pursuant to 11 U.S.C. §§ 105 and 324. Section 105 provides that the Court may issue any order that is necessary to carry out the provisions of the Bankruptcy Code. Section 324(a) provides that the Court may remove a trustee for cause. The Bankruptcy Code does not define "cause" and courts have determined its meaning on a case-by-case basis. *See In re Equimed,*

*Inc.*, 267 B.R. 530, 533 (Bankr. D. Md. 2001) (citing *In re Reed*, 178 B.R. 817, 821 (Bankr. D. Ariz. 1995)).

3. In this district, cause has been defined as "'reasons for which the law and sound public policy recognize as sufficient warrant for removal' and reasons which 'relate to and affect the administration of the office and [which] must be restricted to something of a substantial nature directly affecting the rights and interests of the public.'" *In re Equimed, supra, at* 533, quoting *In re Baker*, 38 B.R. 705 (D. Md. 1983)).

4. Chapter 7 trustees are afforded "a substantial degree of discretion in deciding how to administer the bankruptcy estate. . . ." 3 COLLIER ON BANKRUPTCY ¶ 324.02[3] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). The business judgment rule prevents a Chapter 7 trustee from being removed for a "mistake in judgment where the judgment is discretionary and reasonable under the circumstances." *Id*. In the instant case, the Trustee has administered the bankruptcy estate in a manner commensurate with a business judgment standard and therefore the Trustee is not subject to removal on that ground.

5. Because the debtor has failed to demonstrate misconduct, conflict of interest or abuse of discretion by the Trustee, this Court concludes that sufficient cause has not been shown for his removal.

3

**WHEREFORE**, the debtor's motion to remove the Chapter 7 Trustee will be DENIED.

***ORDER ACCORDINGLY.***

cc:   Arlene Smith-Scott, Esquire
      367 Main Street
      Laurel, Maryland  20707

      George W. Liebmann, Esquire
      Liebmann & Shively, P.A.
      8 West Hamilton Street
      Baltimore, Maryland  21201

      U.S. Trustee – Baltimore
      United States Courthouse, Suite 2625
      101 West Lombard Street
      Baltimore, Maryland  21201