IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARLENE A. SMITH-SCOTT, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. RDB-16-1572 |
| | | Bankruptcy No. 14-25022 |
| GEORGE W. LIEBMANN, TRUSTEE, | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Debtor Arlene A. Smith-Scott appeals from United States Bankruptcy Judge James F. Schneider's May 17, 2016 Order Granting Trustee's Motion for Civil Contempt and Sanctions Against Debtor and Strategic Law Group, LLC for Failure to Comply with Court's Order Compelling Turnover of Real Estate ("Contempt Order") (ECF No. 5-1, B.R. Doc. 380). Currently pending before this Court are Appellee George W. Liebmann, Chapter 7 Trustee's Motion to Dismiss Appeal ("Appellee's Motion") (ECF No. 5) and Appellant's Brief (ECF No. 7).[1]

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a), as Smith-Scott's appeal arises from a final order entered by the United States Bankruptcy Court for the District of Maryland and is brought pursuant to Local Rule 404(1)(a) (D. Md. 2014). Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly

---

[1] In light of the result reached herein, it is unnecessary to await the filing of Appellee's reply to rule on the pending Motion.

1

aided by oral argument.  *See* Fed. R. Bankr. P. 8019(b)(3); *see also* Local Rule 105.6 (D. Md. 2014).  For the reasons stated below, Appellee's Motion to Dismiss (ECF No. 5) is GRANTED and the Order of Bankruptcy Judge James F. Schneider (ECF No. 5-1, B.R. Doc. 380) is AFFIRMED.

## BACKGROUND

On March 22, 2016, Bankruptcy Judge Schneider issued an Order Compelling Debtor [Smith-Scott] and Strategic Law Group, LLC and Debtor T/A Smith-Scott Property Management and Development, Inc. to Turn Over Real Property and All Possessory and Tenancy Interests in Real Property ("Turn Over Order") (ECF No. 5-2, B.R. Doc. 352). Pursuant to the Turn Over Order, counsel for Appellee attempted to enter a parcel of commercial property controlled by Appellant and Strategic Law Group, LLC ("SLG") on April 12, 2016.  *See* Appellant's Brief, ECF No. 7 at 18-19.  *See also* ECF No. 2-28 at 3-4. Counsel for Appellee determined at that time that Appellant and SLG had not complied with the Turn Over Order.  *Id.*  Accordingly, Appellee filed a Motion for Civil Contempt and Sanctions ("Contempt Motion") (ECF No. 2-28, B.R. Doc. 359).  The Contempt Motion was granted on May 17, 2016.  (ECF No. 5-1, B.R. Doc 380.)  Appellee filed a Notice of Appellant's Non-Compliance with the Contempt Order on May 19, 2016.  (ECF No. 2-64, B.R. Doc. 381.)  Appellant noted her appeal from the Contempt Order on May 20, 2016.  *See* Notice of Appeal, ECF No. 1.

## STANDARD OF REVIEW

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure. On appeal from the United States Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Merry–Go–Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001). A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "Under the clearly erroneous standard, if the bankruptcy court's factual findings are plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if it would have weighed the evidence differently." *In re Frushour*, 433 F.3d 393, 406 (4th Cir. 2005) (internal citation omitted).

## ANALYSIS

"Civil contempt is willful disobedience of a lawful order of a court with competent jurisdiction over the subject matter. The purpose of a civil contempt order is to coerce compliance with the court's order or to compensate another party for the violation." 1 Norton Bankr. L. & Prac. 3d § 13:5. Bankruptcy courts in the Fourth Circuit are empowered to punish civil contempt. *In re Rood*, DKC 09-0186, 2009 WL 3614851, at *2 (D. Md. Oct. 27, 2009); *In re Walters*, 868 F.2d 665, 669–70 (4th Cir.1989). Federal Rule of Bankruptcy Procedure 9020 simply provides that motions for orders of contempt must be made in accordance with Rule 9014, which requires that "reasonable notice and opportunity

3

for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a).

In this case, Bankruptcy Judge Schneider complied with the procedural requirements of Rule 9020, holding a hearing on Appellee's Contempt Motion on May 16, 2016. *See* Notice of Hearing on Contempt Motion, B.R. Doc. 369. Appellant participated in this hearing and refers to purported hearing testimony in her Brief. (ECF No. 7 at 32-33.)

Appellant now argues that because Appellee's representations in the Contempt Motion and at the hearing "amount[] to perjury," the Contempt Order should not be upheld. (ECF No. 7 at 32-42.) Appellant cites no facts which would support her contentions, but appears to rely upon the sheer audacity of her allegations.[2] Absent any documented evidence of the alleged false statements,[3] the Court does not find that the Bankruptcy Court's determination that Appellant had failed to comply with the Turn Over Order was clearly erroneous. The Court also finds that the Bankruptcy Court's legal conclusions were sound, as (1) the power to order contempt sanctions is within the Bankruptcy Court's powers and (2) Appellant failed to comply with the Bankruptcy Court's Turn Over Order. *See* ECF No. 2-28, B.R. Doc. 359.

Appellant also argues that Judge Schneider's warning to Appellant that failure to comply with the Turn Over Order could result in her incarceration violated the Eighth Amendment's prohibition on "cruel and unusual punishments." U.S. Const. Amend. VIII. (ECF No. 7 at 54-56.) To be clear: Appellant has not been incarcerated in conjunction with

---

[2] Indeed, Appellant's allegations are contradicted by signed submissions to the Court by counsel for Appellee. *See, e.g.*, Notice of Appellant's Non-Compliance with the Contempt Order, ECF No. 2-64, B.R. Doc. 381.

[3] Appellant has not filed a transcript of the hearing to identify the allegedly false statements.

4

this case, and her Brief does not allege that she was. Rather, Appellant argues that Judge Schneider violated her Eighth Amendment rights by stating during the hearing on the Contempt Motion: "Do you understand that you are going to be asked, not asked, told to vacate the premises? And that if you don't do that, you're going to be subject to sanctions, and those sanctions might include incarceration. Do you understand that?" (*Id.* at 55.) As the threatened action has not been imposed, Appellant's claim that her Eighth Amendment rights have been violated is premature.[4]

The balance of Appellant's Brief addresses matters which are beyond the scope of this Court's review of the Contempt Order. First, Appellant seeks to re-litigate matters pertaining to the core bankruptcy proceeding which have already been resolved and which ultimately gave rise to the Turn Over Order. (ECF No. 7 at 27-32, 43-51.) Even if the issues giving rise to the Turn Over Order were before the Court at this procedural posture, Appellant's argument is unpersuasive for the reasons previously set forth in *Smith-Scott v. Patapsco Bank*, RDB-15-1013, 2015 WL 5921028 (D. Md. Oct. 8, 2015), *Smith-Scott v. Liebmann*, RDB-15-3637, 2016 WL 1084127 (D. Md. Mar. 18, 2016), and *Smith-Scott v. Howard Bank*, RDB-15-3423, 2016 WL 1077126 (D. Md. Mar. 18, 2016), *aff'd in part, appeal dismissed in part sub nom. ARLENE A. SMITH-SCOTT, Debtor - Appellant, v. HOWARD*

---

[4] The Court notes that Appellant's continued flouting of the Turn Over and Contempt Orders may warrant an imposition of the sanction threatened by the bankruptcy court. *See In re Abell*, No. 13-13847-PM, 2013 WL 1788048, at *3 (Bankr. D. Md. Apr. 26, 2013). Nor can it be said that the penalty of incarceration would be "cruel and unusual" so long as Appellant, by choosing not to comply with the Turn Over Order, "carries the keys of [her] prison in [her] own pockets." *Turner v. Rogers*, 564 U.S. 431, 442, 131 S. Ct. 2507, 2516, 180 L. Ed. 2d 452 (2011) (quoting *Hicks v. Feiock,* 485 U.S. 624, 638, n. 9, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988)) (internal quotation marks omitted); *Abell*, 2013 WL 1788048, at *3.

*BANK; U.S. BANK NATIONAL ASSOCIATION; GEORGE W. LIEBMANN, TRUSTEE, Defendants - Appellees*, No. 16-1325, 2016 WL 4174380 (4th Cir. Aug. 8, 2016).

In addition, Appellant argues that Bankruptcy Judge Schneider should have disqualified himself from the case. (ECF No. 7 at 52-53.) Appellant cites no action or conflict which would warrant judicial disqualification—indeed, she alleges no facts involving Judge Schneider at all—but, again, relies only upon the audacity of her allegations. This argument is thus unpersuasive. Accordingly, the pending appeal must be dismissed.

## **CONCLUSION**

For the reasons set forth above, Appellee George W. Liebmann, Chapter 7 Trustee's Motion to Dismiss Appeal (ECF No. 5) is GRANTED, and United States Bankruptcy Judge James F. Schneider's May 17, 2016 Order Granting Trustee's Motion for Civil Contempt and Sanctions Against Debtor and Strategic Law Group, LLC for Failure to Comply with Court's Order Compelling Turnover of Real Estate ("Contempt Order") (ECF No. 5-1, B.R. Doc. 380) is AFFIRMED, and this case is DISMISSED.

A separate Order follows.


Date:  September 20, 2016

                                                           _____/s/_____
                                                           Richard D. Bennett
                                                           United States District Judge